**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:
    Victor M. Masella                 :         Chapter 7
    Stacey A. Masella                :
                                              :
    Debtors.                           :         Bankruptcy No. 14-12381

<u>DEBTOR'S MOTION TO REDEEM PERSONAL PROPERTY</u>

      Now comes the Debtors, Victor M. Masella and Stacey A. Masella, by their attorney, and pursuant to 11 U.S.C. § 722 and Fed. R. Bankr. P. 6008, moves that the Court enter an Order allowing the Debtors to redeem certain exempt personal property, namely a 2005 Acura RL. In support of this motion Debtors state as follows:

      1. Movants are the Debtors in the above-captioned chapter 7 case. This matter is a core matter.

      2. Debtors are the owner of a 2005 Acura RL ("the vehicle"). The vehicle is tangible personal property intended primarily for personal, family or household use.

      3. Debtors interest in this vehicle has been claimed as exempt on Schedule C (a copy of Schedule C is attached as Exhibit A and incorporated by reference.)

      4. Debtors believe that the value of Auto Equity Loans of DE secured claim in the vehicle for purposes of this motion is $0.00 (a copy of Schedule D is attached as Exhibit B and incorporated by reference.)

      5. Auto Equity Loans of DE, of Delaware holds an invalid lien on the Debtors vehicle.

      6. The underlying debt owed by Debtors to Auto Equity Loans of DE. is a dischargeable consumer debt.

      7. Debtors and Auto Equity Loans of DE entered into an installment contract on October 10, 2012, for a $7,253.68.00 loan to Debtors with an annual percentage interest rate of 120.00%. This loan is secured by Debtor's vehicle. (a copy of Installment Contract attached as Exhibit C and incorporated by reference.)

      8. Debtors made twelve monthly payments to Auto Equity Loans of DE between November, 2012 through October, 2013 totaling $12,774.84 towards the balance of this contract. (a copy of Payment History attached as Exhibit D and incorporated by reference.)

      9. Debtors have paid off the original loan two (2x) times by remitting $12,774.84 to Auto Equity Loans of DE.

      10. A contract may be treated as unconscionable when it is improvident, oppressive, or totally one-sided. It is well established that public policy in this Commonwealth prohibits usurious

lending, and this prohibition has been recognized for over 100 years. *Cash Am.Net of Nev., LLC v. Pa. Dep't of Banking*, 978 A.2d 1028, 1038 (Pa.Commw.Ct. 2009), af 'd, 8 A.3d 282 (Pa. 2010).

    11. The annual percentage interest rate of 120.00% is grossly unreasonable and is excessively favorable to Auto Equity Loans of DE.

    12. In addition, the debtors had no other alternative to obtain credit. Debtors are unsophisticated consumers. Debtors have minimal formal education and poor credit history. Auto Equity Loans of DE. is one of the only lenders available to the debtors.

    13. The excessively high interest rate, of 120.00% and the absence of any other valid choice for the debtors renders the contract unconscionable. As a result, the contract is unenforceable as negotiated.

    14. Auto Equity Loans of DE should be entitled to retain funds previously remitted as full payment for the underlying loan obligation.

    15. Debtors request redemption of their vehicle pursuant to 11 U.S.C. § 722.

    16. The 341 meeting was held on 5/9/14, and the trustee filed a report of no distribution on 5/10/14 stating that a diligent inquiry was conducted into the affairs of the debtor(s) and that there is no property available for distribution from the estate over and above that exempted by law.

    17. A fundamental goal of the federal bankruptcy law enacted by Congress is to give debtors a financial "fresh start" from burdensome debts. *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).

    18. Debtors are honest but unfortunate debtors who desire a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.

    19. Debtors will be denied a "fresh start" if redemption of their vehicle is denied.

    WHEREFORE, debtors prays that the Court:

    a.    Enter an Order allowing Debtors to redeem their vehicle based on the funds $12,774.84 previously remitted to the creditor, Auto Equity Loans of DE to satisfy a ($7,253.68.00) loan at 120.00%.

    b.    Grant such other, further and different relief as may be just and proper.

    Respectfully submitted:

    **DUNNE LAW OFFICES, P.C.**

    BY: /s/ *Stephen M. Dunne* _____
    **STEPHEN M. DUNNE**

Dated:  June 9, 2014    Attorney for Debtors
    1515 Market Street, Suite. 1200
    Philadelphia, PA  19102
    (215) 854-6342 Phone